**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JASON HALE, JASMIN BLACK, JADA HALE by her next friend JASMIN BLACK, and SCOTT W. BLACK JR. | ) ) ) | CIVIL ACTION |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 3:16-cv-24 |
| v. | ) | |
| | ) | |
| CITY OF SOUTH BEND, Indiana acting through its Police Department, SOUTH BEND POLICE DEPARTMENT, VARIOUS UNKNOWN OFFICERS OF THE SOUTH BEND POLICE DEPARTMENT, individually and in their official capacity as Police Officers for the South Bend Police Department, RON TEACHMAN, individually and in his official capacity as former Chief of Police of the South Bend, Indiana Police Department, TIM CORBETT, individually and in his official capacity as Commander of the Saint Joseph County Metro Homicide Unit, and CERTAIN UNKNOWN SAINT JOSEPH COUNTY INDIANA PROSECUTORS, individually and in their official capacities. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

### I.   PRELIMINARY STATEMENT

1.   This action arises under the Fourth Amendment to the United States Constitution:

under federal law, specifically 42 U.S.C. §§1983 and 1988; the laws of the United

States, and the laws of the State of Indiana.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §1983 and 28 U.S.C. §§1331, 1343, and 1367(a).

3.    Venue is properly set in the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. §1391.

4.    The causes of action alleged herein arise from factual allegations occurring in this judicial district.

## III.    PARTIES

5.    Plaintiff, Jason Hale, is an African-American male and was at all times relevant to this Complaint a resident of St. Joseph County, Indiana, and a citizen of the United States of America.

6.    Plaintiff, Jasmin Black, is an African-American female and was at all times relevant to this Complaint a resident of St. Joseph County, Indiana, and a citizen of the United States of America.

7.    Plaintiff, Jada Hale, is an African-American female, minor child and was at all times relevant to this Complaint a resident of St. Joseph County, Indiana, and a citizen of the United States of America, she is represented by and through her next friend, Jasmin Black her biological mother.

8.    Plaintiff, Scott W. Black Jr., is a male, and was at all times relevant to this Complaint a resident of St. Joseph County, Indiana, and a citizen of the United States of America.

9.    Defendant, City of South Bend is a governmental unit located in Saint Joseph County, Indiana and it operates, manages, and controls the South Bend Police Department.

10.     Defendant, South Bend Police Department is a law enforcement department employing numerous officers within the county of Saint Joseph, State of Indiana.

11.     Certain unknown South Bend Police Department Officers that were employed by the South Bend Police Department at all times relevant to this Complaint.

12.     Defendant, Former South Bend Police Chief Ron Teachman, was at all times relevant to this complaint the Chief of Police for the South Bend, Indiana Police Department.

13.     Defendant, Former South Bend Police Chief Ron Teachman, was the superior officer of Defendant unknown South Bend Police Department Officers.

14.     Defendant, Former South Bend Police Chief Ron Teachman, was a policy-maker for the department.

15.     Defendant, Tim Corbett, was at all times relevant to this complaint Commander of the Saint Joseph County Metro Homicide Unit.

16.     The Saint Joseph County Metro Homicide Unit is a multi-jurisdictional police task force comprised of local and county police officers from the County of Saint Joseph, Indiana.

17.     Defendant, Tim Corbett, as Commander of the Saint Joseph County Metro Homicide Unit, reports directly to the Saint Joseph County Indiana Prosecutors' Office.

18.     Defendant, Certain Unknown Saint Joseph County, Indiana Prosecutors were at all times relevant to this complaint were superiors to the Saint Joseph County Metro Homicide Unit and the Commander and officers who are assigned to the task force.

19.     Defendant, Certain Unknown Saint Joseph County, Indiana Prosecutors, were at all times relevant to this complaint, policy makers for the Saint Joseph County Metro Homicide Unit.

20.    At all times relevant to this Complaint all Defendants acted under color of state law.

## IV.    FACTUAL ALLEGATIONS

21.    Jasmin Black is the biological mother of Jason Hale and Jada Hale.

22.    That on or about April 10, 2014, Jason Hale was seventeen (17) years old.

23.    That on or about April 10, 2014, Jada Hale was fifteen (15) years old.

24.    That at all times relevant to this complaint the Plaintiffs resided at 1342 Chalfant Street, South Bend, Indiana 46617.

25.    That on or about April 10, 2014, Jada Hale suffered from a learning disability.

26.    That on or about April 10, 2014, around midafternoon numerous unknown police officers from the South Bend Police Department arrived at the residence of the Plaintiffs looking for someone named "Ace."

27.    Present in the Plaintiffs residence at that time were the Plaintiffs Jason Hale, Jada Hale, and their five (5) year old brother Scotty Hale.

28.    After observing the arrival of numerous police officers Jason Hale walked from the back of the house to the front of the house and upon the police officers observing Jason Hale they immediately drew their weapons and ordered Jason Hale to get on the ground.

29.    After being ordered to get on the ground and complying Jason Hale was placed into handcuffs and confined within a police squad car.

30.    After Jason Hale was handcuffed and placed into a police squad car additional unnamed and unknown officers from the South Bend Police Department arrived surrounding the Plaintiffs residence.

31. A police officer asked Jason Hale who was in the house and he advised the police officer that his fifteen (15) year old little sister and little brother were the only ones in the house.

32. Despite being advised that only children were in the house the police officers armed themselves with assault weapons and forcibly and without consent entered into the residence of the Plaintiffs.

33. Upon entering the Plaintiffs' residence the police officers ordered Jada Hale to get her little brother, Scotty and go outside of the house.

34. Jada Hale then believing that the officers needed a warrant to be in the home told the officers to get out of the house because they did not have a warrant to be inside.

35. Jada Hale was then forcibly assaulted by one or more of these officers and upon removing her from the house she was slammed upon the concrete patio, restrained with handcuffs, and put into a squad car.

36. Plaintiffs Jasmin Black and Scott Blake were not home when the officers initially arrived at their residence.

37. Jasmin Black, accompanied by Scott Black, came home immediately after receiving a phone call informing them that police were inside their house and that both their son, Jason, and daughter, Jada, were confined in police cars.

38. Upon the Blacks arrival to their home they noted there were at least ten (10) or more police squad cars in the street in front of her house and numerous officers surrounding her home.

39.   The Blacks observed their fifteen (15) year old daughter, Jada Hale, crying hysterically and handcuffed in the back of a squad car begging her mother to get her out of the car.

40.   Jasmin Black was told that her son, Jason Hale, was wanted by "homicide" for questioning in a shooting that had happened the day before.

41.   Jasmin Black immediately informed the officer that her son, Jason Hale, was at work when the shooting happened and he had nothing to do with it.

42.   The Blacks were told by police officers that they were not allowed to speak with their minor son and that they would have to go down to "Jefferson" where he was going to be questioned.

43.   Jasmin Black then inquired why Jada Hale was being confined.

44.   Jasmin Black immediately informed the police officers present that her daughter, Jada Hale, had a learning disability.

45.   Jada Hale was subsequently taken to the St. Joseph County Juvenile Justice Center and confined.

46.   Jason Hale was taken to the County Metro Homicide building for questioning.

47.   Jason Hale continued to be detained in the County Metro Homicide building where he was read his rights and questioned regarding the shooting.

48.   Jason Hale reiterated to the officers that he was working at the time of the shooting and if they would simply call his employer they could verify the fact that he was present at his employment.

49.   Officers eventually contacted his employer who verified that Jason Hale was working at the time the shooting occurred.

50. About two (2) hours after being released from the County Metro Homicide building, Jasmin Black received a call from the Juvenile Justice Center and was allowed to pick up her daughter, Jada Hale.

51. At all times relevant to the incidents described above none of the police officers or law enforcement agencies had either a search warrant or an arrest warrant to allow them to enter into the residence of the Plaintiffs or detain any of the Plaintiffs.

52. There was no legal cause to detain and confine Jason Hale.

53. There was no legal cause to detain and confine Jada Hale.

54. At no time did any law enforcement officer or law enforcement agency have the permission or consent of any of the Plaintiffs to enter into their residence or detain any of them for any period of time.

55. It is a direct and proximate result of the conduct of all the Defendants named here and above, Plaintiffs suffered physical injury, emotional distress, psychological harm, and financial losses.

## VI.    CAUSES OF ACTIONS

### Count 1

### Violation of Civil Rights

56. Plaintiffs restate and incorporate all of the above paragraphs as if fully set forth herein.

57. The actions of certain unnamed officers of the South Bend Police Department violated the Plaintiffs rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures including unlawful arrest.

58. Defendants being certain unnamed officers from the South Bend Police Department acted under color of State law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution including but not limited to:

a) the right to be free from unreasonable searches and seizures;

b) the right not to be deprived of liberty without due process of law;

c) the right to be free from excessive use of force;

d) and the right to be free from false arrest.

59. These certain unnamed officers from South Bend Police Department acted under color of State law and conducted an unauthorized, warrantless, search and seizure of the Plaintiffs.

60. Defendants named herein acted under color of State law depriving the Plaintiffs of their liberty without due process of law.

61. Defendants named herein acted under color of State law used excessive force against the Plaintiffs, Jason Hale and Jada Hale.

62. Defendants named herein acted under color of State law and falsely arrested the Plaintiffs Jason Hale and Jada Hale.

63. As a direct and proximate result of the violation of their constitutional rights by the Defendants, named herein the Plaintiffs suffered general and specific damages and are entitled to relief under 42 U.S.C. §1983.

## Count 2

### Unconstitutional Policies of the Municipality

64.    The Plaintiffs restate and incorporate all of the above paragraphs as if fully set forth herein.

65.    The violations of the Plaintiffs constitutional right under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, the Plaintiffs' damages, and the conduct of the individual officers were directly and proximately caused by the action and/or inactions of the City of South Bend, Indiana, the South Bend Police Department, Former South Bend Police Chief Ron Teachman, and Metro Homicide Commander Tim Corbett which encouraged, tolerated, ratified, and have been deliberately indifferent to the following  policies, patterns,  practices, and customs and the need for more or different training, supervision, investigation, or discipline in the areas of:

a) legal cause to enter private property;

b) legal cause to detain a citizen;

c) legal cause to arrest and incarcerate a citizen;

d) the  proper exercise of police powers including but not limited to the use of force in the making of an arrest and/or;

e) failure of police officers to follow established policies, procedures, directions, instructions and  laws regarding entering property, cause to detain a citizen, the use of force and the cause to arrest and incarcerate;

f) police interference, intimidation, and harassment.

## Count 3

### Assault And Battery

66.  Plaintiffs restate and incorporate all of the above paragraphs as if fully set forth herein.

67.  Plaintiffs Jason Hale and Jada Hale by and through her next of friend, Jasmin Black, restate and incorporate all of the above paragraphs as if fully set forth herein

68.  Defendants committed assault and battery upon the Plaintiffs named herein and caused the Plaintiffs bodily harm.

69.  Defendants named herein are liable for the assault and battery against these named Plaintiffs.

70.  The City of South Bend is liable for the conduct of their agents.

71.  The City of South Bend deliberately failed to properly screen, hire, train, and supervise their police officers and further certain unknown police officers committed assault and battery pursuant to the City's custom, policy, or practice.

72.  That as a direct and proximate result of assault and battery, the Plaintiffs named herein suffered and continue to suffer damages including psychological harm, general damages, and  special damages, and are entitled to relief.

## Count 4

### Excessive Force

73.  Plaintiffs restate and incorporate all of the above paragraphs as if fully set forth herein.

74. Defendants' Police Officers of the South Bend Police Department used excessive and unreasonable force against the Plaintiffs.

75. That these named Defendants are liable for using excessive force against these names Plaintiffs.

76. The City of South Bend is liable for the conduct of their agents as set forth above under the theory of respondeat superior.

77. The City of South Bend deliberately failed to properly screen, hire, train, and supervise their police officers and further these certain unnamed and unknown police officers used unreasonable excessive force pursuant to the City's custom, policy, or practice.

78. That as a direct and proximate result of the excessive force used by the Defendants the Plaintiffs named herein suffered and continue to suffer damages including psychological harm, general damages, and special damages, and are entitled to relief.

## Count 5

### Intentional Infliction of Emotional Distress

79. Plaintiffs restate and incorporate all of the above paragraphs as if fully set forth herein.

80. Defendants unknown South Bend Police Officers conduct as described here and above:

a) was extreme and outrageous;

b) was intended to inflict severe emotional distress on the Plaintiffs;

c) caused the Plaintiffs severe emotional distress.

81.     The Defendants named herein are liable for the intentional infliction of emotional distress on the Plaintiffs.

82.     The City of South Bend is liable for the conduct of their agents as set forth here and above under the theory of respondeat superior.

83.     The City of South Bend deliberately failed to properly screen, hire, train, and supervise their police Officers and further the actions of those certain unnamed South Bend Police Officers and caused the Plaintiffs severe emotional distress pursuant to the City's custom, policy, or practice.

84.     That as a direct and proximate result of the infliction of severe emotional distress the Plaintiffs suffered and continue to suffer damages including psychological harm, general damages, and special damages, and are entitled to relief.

## Count 6

### False Arrest

85.     Plaintiffs restate and incorporate all of the above paragraphs as if fully set forth herein.

86.     Plaintiffs Jason Hale and Jada Hale by her next friend, Jasmin Black, restate and incorporate all of the above paragraphs as if fully set forth herein.

87.     Defendants those being certain unknown police officers of the South Bend Police Department arrested and detained the Plaintiffs as hereinabove described.

88.     That these named Defendants had neither a warrant to arrest the Plaintiffs nor did they have probable cause to arrest the Plaintiffs.

89.      Plaintiffs were arrested without lawful authority.

90.    The above named Defendants are liable for the false arrests of the Plaintiffs named herein.

91.    The City of South Bend is liable for the conduct of their agents as named here and above.

92.    The City of South Bend deliberately failed to properly screen, hire, train, and supervise their police officers and further these South Bend Police Officers committed false arrest pursuant to the City's custom, policy, or practice.

93.    That as a direct and proximate result of the false arrest of the Plaintiffs, the Plaintiffs suffered and continue to suffer damages including psychological harm, general damages, and special damages, and are entitled to relief.

## Count 7

### False Imprisonment

94.    Plaintiffs restate and incorporate all of the above paragraphs as if fully set forth herein.

95.    The Plaintiffs were arrested and detained without lawful authority.  The Defendants South Bend Police Officers intended to detain and incarcerate the Plaintiffs.

96.    The above named Plaintiffs were both detained and incarcerated without lawful authority.

97.    The Defendants conduct was in willful disregard of the Plaintiffs rights.

98.    The Defendants name here and above are liable for the false imprisonment of the Plaintiffs named herein.

99. The City of South Bend is liable for the false imprisonment of the Plaintiffs by their agents as named here and above.

100. That as a direct and proximate result of the false imprisonment the named Plaintiffs herein suffered and continue to suffer damages including psychological harm, general damages, and special damages, and are entitled to relief.

## Count 8

### Trespass

101. Plaintiffs restate and incorporate all of the above paragraphs as if fully set forth herein.

102. The Defendants unknown officers of the City of South Bend Police Department entered upon the private property of Jasmin Black without her consent.

103. These named Defendants are liable for Trespass.

104. The City of South Bend is liable for the conduct of their agents named here and above.

105. The City of South Bend deliberately failed to properly screen, hire, train, and supervise their police officers and further the conduct of their agents committed trespass upon the Plaintiffs property pursuant to the City's custom, policy, or practice.

106. As a direct and proximate result of the trespass, Plaintiffs suffered and continue to suffer damages including psychological harm, general damages, and special damages, and are entitled to relief.

WHEREFORE, Plaintiffs respectfully requests that the Court:

A.      Award Plaintiffs compensatory damages in an amount to be proven at trial;
B.      Award Plaintiffs punitive damages against the non-municipal defendants in an amount to be proven at trial;
C.      Award Plaintiff reasonable attorney fees, costs, and prejudgment interest pursuant to 42 U.S.C. § 1988;
D.      Award Plaintiff all such other and further relief as may appear just and appropriate.

*/s/ Scott H. Duerring*_____
Scott H. Duerring #4771-46
Attorney for Plaintiffs
DUERRING LAW OFFICES
61191 US 31 South
South Bend, Indiana 46614
Telephone: (574) 968-0250
Facsimile: (574) 968-1256
attysduerring@gmail.com

## JURY DEMAND

Plaintiffs pursuant to Rule 38(b) of the Federal Civil Procedure hereby demands trial by jury on all of their counts.

*/s/ Scott H. Duerring*_____
Scott H. Duerring #4771-46
Attorney for Plaintiffs
DUERRING LAW OFFICES
61191 US 31 South
South Bend, Indiana 46614
Telephone: (574) 968-0250
Facsimile: (574) 968-1256
attysduerring@gmail.com